UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAUSTINO PENA-MORLA, | : | |
| Petitioner, | : | CIVIL ACTION NO.: |
| | : | 3:08-cv-0619 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JANUARY 6, 2009 |
| Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 1)**

Faustino Pena-Morla, a federal prisoner, is currently serving a thirty-seven month sentence following his plea of guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Pena-Morla has moved this court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges that, because he is a "deportable alien," he is receiving more severe treatment in prison than a United States citizen. As a result, he argues that he is entitled to a six month downward departure. Because Pena-Morla did not file a direct appeal, and because he waived his right to appeal pursuant to his plea agreement, the court **DENIES** his Motion.

I.    BACKGROUND

On May 23, 2007, a federal grand jury returned a one-count indictment (Doc. No. 1)[1] charging Pena-Morla with possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Pena-Morla subsequently entered into a plea

---

[1] Subsequent references to Document ("Doc.") numbers are to the underlying criminal case unless otherwise noted.

1

agreement (Doc. No. 23)[2] with the government in which the parties agreed to a sentencing range of 37 to 46 months imprisonment and a fine range of $7,500 to $75,000. As part of the plea agreement, Pena-Morla specifically agreed that, if the sentence imposed by the judge did not exceed 46 months, he would not appeal or collaterally attack any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 and/or 2241. See Plea Agreement (Doc. No. 23) at 4. He also expressly acknowledged that he was knowingly and intelligently waiving his post-sentencing rights. Id. Moreover, pursuant to Fed. R. Crim. P. 11, before accepting the plea agreement, the court conducted a colloquy in which it asked Pena-Morla a number of questions to ensure that he understood the nature of the charge against him and understood the consequences of entering into a guilty plea, including the fact that he was waiving his right to appeal his sentence. The court found that Pena-Morla knowingly and voluntarily pled guilty to the Count One of the Indictment on September 12, 2007. See Findings and Recommendations on Plea of Guilty by Magistrate Judge Holly B. Fitzsimmons (Doc. No. 24), approved by this court on September 14, 2007, (Doc. No. 25).

On December 6, 2007, the court sentenced Pena-Morla to 37 months in prison which was at the bottom of the applicable guidelines range. On April 18, 2008, Pena-Morla filed a Motion for Sentence Adjustment, which the court recharacterized as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[3]

---

[2] United States v. Pena-Morla, Case No. 07-cr-122. (D. Conn.)

[3] On November 5, 2008, the court issued in this case a Recharacterization Order pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), informing the petitioner that it intended to recharacterize his Motion for Sentence Adjustment as a Motion to Vacate, Set Aside, or Correct his

**II.     STANDARD OF REVIEW**

Pena-Morla is acting pro se, and thus, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002)).  In his Petition, Pena-Morla claims that, because of his status as a deportable alien, he was ineligible to receive "a timely half-way house release."  He also claims that he was ineligible to receive the "rewards which were offered for the residential drug abuse program."  Doc. No. 1 at 1.  He states that this means he is serving his sentence under more severe circumstances than United States citizens.  He argues that these "collateral consequences," in that he is being treated more harshly than citizens, warrant a six month reduction in his sentence.

The government argues that Pena-Morla's claim fails on four separate grounds. First, it argues that his claim is procedurally barred because Pena-Morla did not file a direct appeal.  Second, it argues that Pena-Morla waived his right to collaterally attack his sentence.  Third, even if he did not waive it, a claim for downward departure is not generally reviewable on appeal.  Finally, it argues that the Second Circuit has consistently held that a status as an alien is an invalid basis for a downward departure.

**III.    DISCUSSION**

    A.    Procedural Bar

The government argues that Pena-Morla is procedurally barred from raising this

---

Sentence.  See Doc. No. 5.  The court also warned the petitioner that recharacterizing his Motion to a section 2255 meant that "any subsequent 2255 motion [would] be subject to the restrictions on 'second or successive' motions."  Castro, 540 U.S. at 383; see also 28 U.S.C. §2255.  On November 12, 2008, petitioner filed a notice stating his acceptance of the recharacterization.  See Doc. No. 6.

claim because he did not raise these issues on direct appeal. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 622 (1998)(quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). Thus, before a plea can be collaterally attacked, it must first be addressed on direct appeal. In this case, Pena-Morla did not raise his claim on direct appeal. He has thus procedurally defaulted on the claim he now raises. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007).

In order to raise a defaulted claim in a habeas proceeding, Pena-Morla must "demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)). Even when construed liberally, it is clear that Pena-Morla has not demonstrated any of these things.

Pena-Morla's claim is based on his desire to spend the last portion of his prison sentence in a half-way house. Thus, he is not claiming actual innocence.

In order to show cause for failing to appeal a claim, the cause "'must be something external to the petitioner, something that cannot be fairly attributable to him.'" United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)(quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)(emphasis added in Coleman). For example, a claim of ineffective assistance of counsel could amount to 'cause' for failing to file a direct appeal. Zhang, 506 F.3d at 166. Pena-Morla has not claimed ineffective assistance of counsel. Rather, Pena-Morla relies on United States v. Restrepo, 802 F.Supp. 781 (1992), for the proposition that he deserves a reduction in his sentence

4

because he is suffering collateral consequences due to his status as an alien. In Restrepo, the district court departed downward from the then-mandatory sentencing guidelines by two offense levels because it found the alien defendant would be deported and suffer other collateral consequence. Id. at 793. This proposition fails to amount to the 'cause' necessary to overcome a defaulted claim. Perhaps more important, however, is the fact that Restrepo was vacated and remanded on appeal by the Second Circuit, which held that none of the collateral consequences, including the fact that the defendant would not be able to serve the last portion of his sentence in a minimal security facility, cited by the district court justified a downward departure. United States v. Restrepo, 999 F.2d 640, 642-3 (2d Cir. 1993).

Thus, because Pena-Morla did not file a direct appeal and is unable to demonstrate "cause" or "actual prejudice," the court finds that he has procedurally defaulted this claim and therefore DENIES his Motion to Reduce his Sentence.

B.   Waiver of Appeal

The court notes that, even if Pena-Morla had not procedurally defaulted his claim, he waived his right to collaterally attack his sentence in his plea agreement if the court imposed a sentence between 37 and 46 months. He was sentenced to 37 months. As stated by the Second Circuit,

> "In no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless."

United States v. Roque, 421 F.3d 118, 123 (2d Cir. 2005)(quoting United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)). Thus, Pena-Morla's claim would fail

regardless of whether he brought this claim on direct appeal or not. "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary. . . ." <u>Parisi</u>, 529 F.3d at 138 (citing <u>United States v. Da Cai Chen</u>, 127 F.3d 286, 289-90 (2d Cir. 1997).

Pena-Morla has not advanced any reason why his plea was neither knowing nor voluntary. Thus, though the court has already denied petitioner's claim on the ground that he did not bring a direct appeal, it also denies his claim on the alternative ground that he waived his right to collaterally attack his sentence.

## V. CONCLUSION

For the foregoing reasons, the court DENIES the petitioner's Motions to Vacate, Set Aside or Correct Sentence (Doc. No. 1)**.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of January, 2009.

```
                              /s/ Janet C. Hall
                              Janet C. Hall
                              United States District Judge
```